# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUISA LOPEZ ITHIER, et al.,

v.                                                              CASE NUMBER: 98-2226 (DRD)

CADILLAC INDUSTRIES INC., et al.

## ORDER

The Court issued an Order on September 7, 1999 which stated as follows:

> The Court held a status conference on May 13, 1999. Therein, the Court issued several directives to Plaintiff which were memorialized by the Minutes of status conference as follows:
>
> > "One issue in this action is the failure to notify, which must be made to the bargaining unit representative 60 days prior to the closing of the plant. **Within fifteen (15) days** Plaintiffs are to provide Defendants with the Plaintiff's names and sworn statements of all Plaintiffs whom allegedly did not receive notice. Plaintiffs are also to identify whether each Plaintiff is part of the bargaining unit and whether each Plaintiff is a supervisor (that is, not part of the bargaining unit).
> > Next, Plaintiffs are **GRANTED thirty (30) days** from today to **SHOW CAUSE** why the Court should not dismiss the P.R. Law 100 cause of action due to the holding in Chalk Servs. Inc. v. Massachusetts Comm'n Against Discrimination, 70 F.3d 1361 (1st Cir. 1995).
> > In reference to diversity jurisdiction, Plaintiffs are **GRANTED thirty (30) days** from today to present to the Court legal arguments, including case-law, as to why the instant case should not be dismissed."

(Docket No. 17). As of this date, Plaintiffs have failed to file any motion in compliance with the above Court orders. Because of Plaintiffs noncompliance, the Court hereby: (1) **DISMISSES** the Plaintiffs' P.R. Law 100 cause of action; (2) holds that the Court's jurisdiction is not based on diversity jurisdiction; and (3) **GRANTS** the Plaintiffs an additional term, that is **until September 17, 1999**, to provide Defendants with the Plaintiff's names and sworn statements of all Plaintiffs whom allegedly did not receive notice. Plaintiffs are also to identify whether each Plaintiff is part of the bargaining unit and whether each Plaintiff is a supervisor (that is, not part of the bargaining unit). Should Plaintiffs fail to adhere to the Court's deadline, the Court shall interpret Plaintiffs' noncompliance as lack of prosecution by Plaintiffs and this case will be dismissed. **ABSOLUTELY <u>NO</u> extensions shall be granted.**

(Docket No. 21). To date, the Plaintiffs have not responded. Because of the Plaintiffs' latest noncompliance with the Court's order in the face of being duly warned of the impending harsh consequences, and considering Plaintiffs' previous disregard of clear orders from the Court, the Court hereby **DISMISSES** this case.

IT IS SO ORDERED.

Date: September 22, 1999

P \PEACHORD ERS\98-2226.DIS

(fv) DANIEL R. DOMINGUEZ
U.S. District Judge