UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUISA LOPEZ ITHIER and all persons included in
Schedule I of the complaint,

    Plaintiffs,

v.                                  CIVIL NO. 98-2226 (DRD)

CADILLAC INDUSTRIES INCORPORATED,
et al.,

    Defendants.

## OPINION AND ORDER

Pending before the Court is a motion to vacate judgment of dismissal filed by Plaintiffs, Luisa López Ithier and all plaintiffs included in Schedule I of the complaint, ("López"), (Docket No. 26), requesting relief from dismissal under FED. R. CIV. P. 60(b). (Docket No. 23). Defendants, Cadillac Industries Incorporated, Garment Corporation of America, Brewster Hastings Corporation, David Shulevitz, Joseph Shulevitz, and Norman N. Hoffman, (collectively "Cadillac"), filed an opposition. (Docket No. 28). The Court **DENIES** López's motion for the reasons that follow.

The above captioned case is a case alleging that an employer, Cadillac, failed to provide the Worker Adjustment and Retraining Notification (W.A.R.N.) notice of closing required by Federal Law, 29 U.S.C. § 2102. Plaintiffs further averred that the termination of all the employees violated federal discrimination law, Age Discrimination in Employment Act (A.D.E.A.), 29 U.S.C. § 621 et seq. (1999), and local discrimination law, Law 100 of 1959, 29 P.R. LAWS ANN. § 146 et seq. (Supp. 1999). The employer alleged that the company closed the facility of its operations in Mayagüez,

Puerto Rico, for valid reasons and that the notice required by the law was provided to the union representing the affected employees and to all other non-union employees.

As background, the Court briefly restates the procedural aspects that led to the September 22, 1999 order dismissing this case. (Docket No. 23). Plaintiffs, filed the complaint on October 29, 1998. (Docket No. 1). Defendants filed a motion for an extension of time to answer the complaint until January 25, 1999. (Docket No. 3). The Court granted and mooted the motion since the answer to the complaint had already been filed on January 22, 1999. (Docket No. 3 – Margin Order & Docket No. 4). On February 23, 1999, the Court issued an "Order Setting Initial Scheduling and Case Management Conference" wherein counsels were ordered to attend an initial scheduling conference ("ISC") in chambers on April 29, 1999 at 5:00 p.m. (Docket No. 5). Plaintiffs filed a motion on March 12, 1999 requesting permission to amend the complaint. (Docket No. 9). The motion was granted on July 1, 1999. (Docket No. 9 – Marginal Order). The amended complaint was filed on July 1, 1999. (Docket No. 18).

At Defendants' counsel request, the Court rescheduled the ISC for May 13, 1999. (Docket No. 15). Complying with court's order, Defendants and Plaintiffs filed their ISC memorandums, on April 23, 1999 and May 7, 1999, respectively. (Dockets Nos. 13 & 16).

At the May 13, 1999 ISC, the parties advised the Judge of the status of the case, discussed several issues, and the Judge then issued a management order discussed with the parties. The minutes of the proceedings were memorialized and sent to both counsels of record on June 1, 1999. The proceedings were transcribed as follows:

> "The STATUS CONFERENCE was held today. The parties advised the Court of the status of the case.
> One issue in this action is the failure to notify [the closing of the plant], which must be made to the bargaining unit representative 60 days prior to the closing of the

AO 72A
(Rev.8/82)

plant. **Within fifteen (15) days** Plaintiffs are to provide Defendants with the Plaintiff's names and sworn statements of all Plaintiffs whom allegedly did not receive [the closing] notice. Plaintiffs are also to identify whether each Plaintiff is part of the bargaining unit and whether each Plaintiff is a supervisor (that is, not part of the bargaining unit).

Next, Plaintiffs are **GRANTED thirty (30) days** from today to **SHOW CAUSE** why the Court should not dismiss the P.R. Law 100 cause of action due to the holding in Chaulk Servs. Inc. v. Massachusetts Comm'n Against Discrimination, 70 F.3d 1361 (1st Cir. 1995).

In reference to diversity jurisdiction, Plaintiffs are **GRANTED thirty (30) days** from today to present to the Court legal arguments, including case-law, as to why the instant case should not be dismissed.

This ADEA claim is governed by the McDonald Douglas burden-shifting scheme. The Court **GRANTS** the Defendants **120 days** to file a motion for summary judgment. Thereafter, the Plaintiffs shall have **90 days** to oppose said motion. Thereafter, if absolutely necessary, Defendants shall have **12 days** to reply to the opposition. The Court requests the parties to read Eli Lilly v. Dominguez, [sic] [Dominguez v. Eli Lilly, 958 F.Supp. 721 (D.P.R. 1997)], to ensure compliance with Local Rule 311(12).

All deadlines stated herein are **fatal and final**."

(Docket No. 17).

The management order required information as to members who may belong to the union since management alleged providing the W.A.R.N. notice to the union and to all government agencies required under the law. The order further requested Plaintiffs to show cause as to diversity since Defendant alleged that the employer-defendant was incorporated in Puerto Rico. The management order further required to show cause as to the local discrimination case since not providing lay-off notice as to the closing of operations to the union may constitute an unfair labor practice under the NLRB hence potentially barring state discrimination causes of action under the mandate of *Chaulk Servs. Inc. v. Massachusetts Comm'n Against Discrimination*, 70 F.3d 1361 (1st Cir. 1995). Id.

At the ISC, the Court further harbored some doubts as to Plaintiffs success on the merits under local Law 100 of June 30, 1959, 29 P.R. LAWS ANN. § 146, *supra*, since pursuant to the

complaint the employer totally closed operations at its plant in Mayagüez. Total closings have traditionally been deemed just cause for terminations under local state law. P.R. Cap & Tires Sales v. Dist. Court, 68 P.R. Dec. 398 (1948). Further, under local discrimination Law 100, just cause as defined under Law 80 of 1976, 29 P.R. LAWS ANN. § 185, *supra*, is a defense to liability. Total or partial closing constitutes just cause under the law 29 P.R. LAWS ANN. § 185b(d). See, De Arteaga v. Pall Ultrafine Filtration Corp., 862 F.2d 940 (1st Cir. 1988); Odriozola v. S. Cosmetic Dist. Corp., 116 P.R. Dec. 485 (1985).

The Plaintiffs failed to comply with any of the Court's orders issued at the ISC. Meanwhile, three letters, all written in Spanish and independently filed by the Plaintiffs without their counsel's intervention, were submitted for the Court's consideration. The first letter, filed by Plaintiffs on April 26, 1999, in fact manifested that they were having some communication problems with their counsel. (Docket No. 14). Then, on July 8, 1999 a second letter was filed, which in summary stated that the communication problems persisted, claiming that their counsel asked for more money in order to continue with the case. (Docket No. 19). Finally, on July 20, 1999 the Plaintiffs pro se submitted a third letter addressed via certified mail to their counsel. In essence, the Plaintiffs requested information regarding the status of the case because Plaintiffs had acquired knowledge, through the means of Minutes of Proceedings, of what had been stated during the status conference held on May 13, 1999; quoting: "Judge Daniel R. Domínguez ordered that you, [Plaintiffs' counsel] as our counsel, shall answer within the term of (30) and (60) days" (translation ours). (Docket No. 20).

Almost four months after the ISC, Plaintiffs not having complied with the management order, the Court issued an order dated September 7th, 1999. Said order was sent by mail to both counsels

of record on September 8th, 1999, and in its pertinent part reads as follows:

> "As of this date, Plaintiffs have failed to file any motion in compliance with the above Court orders. Because of Plaintiffs noncompliance, the Court hereby: (1) **DISMISSES** the Plaintiffs' P.R. Law 100 cause of action; (2) holds that the Court's jurisdiction is not based on diversity jurisdiction; and (3) **GRANTS** the Plaintiffs an additional term, that is **until September 17, 1999**, to provide Defendants with the Plaintiff's names and sworn statements of all Plaintiffs whom allegedly did not receive notice. Plaintiffs are also to identify whether each Plaintiff is part of the bargaining unit and whether each Plaintiff is a supervisor (that is, not part of the bargaining unit). Should Plaintiffs fail to adhere to the Court's deadline, the Court shall interpret Plaintiffs' noncompliance as lack of prosecution by Plaintiffs and this case will be dismissed. **ABSOLUTELY NO** extensions shall be granted.
> IT IS SO ORDERED."

(Docket No. 21).

Notwithstanding the Plaintiffs' dereliction to comply with prior Court orders, the Court issued an order, granting an additional term to submit requested documents by September 17, 1999, in which Plaintiffs were duly warned of the consequence of dismissal . (Docket No. 21). Again, the Plaintiffs failed to comply with the aforementioned additional term.[1] Subsequently, considering Plaintiffs previous disregard of clear orders, on September 27, 1999 the Court entered the judgment dismissing the case at bar. (Docket No. 23). Said order was dated September 22nd, 1999, sent by mail on September 27th, 1999 to both counsels of record, and stated the following:

> "To date, the Plaintiffs have not responded. Because of the Plaintiffs' latest noncompliance with the Court's order in the face of being duly warned of the impending harsh consequences, and considering Plaintiffs' previous disregard of clear orders from the Court, the Court hereby **DISMISSES** this case.
> IT IS SO ORDERED."

(Docket No. 22).

On October 29 of 1999, Plaintiffs' counsel filed a motion of resignation to legal

---

[1] This order was mailed to Plaintiffs' counsel and was not returned by the U.S. Post Office to the Court.

representation. (Docket No. 24).[2] The motion was held moot since the case was dismissed on September 27, 1999. (Docket No. 25). The judgment notified on September 27, 1999 was returned by the U. S. Post Office and received by the Court on October 1, 1999 and eventually re-mailed to Plaintiffs' counsel at the new address on February 29th, 2000. Plaintiffs filed a motion to vacate the alluded dismissal order on March 14, 2000. (Docket No. 26). This is the motion under the Court's consideration.

The circumstances in which Rule 60(b) permits a court to relieve a party from an otherwise final judgment or order are:

> "1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, even exercising due diligence, the moving party could not have discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment."

See FED. R. CIV. P. 60(b). "Rule 60(b) is a motion for extraordinary relief and should be utilized only in exceptional circumstances." De la Torre v. Continental Ins., 15 F.3d 12, 14-15 (1st Cir. 1994). In the motion to vacate dismissal, Plaintiffs based their claim under the grounds of subsection (1) of FED. R. CIV. P. 60(b). However, the Court shall analyze the case under subsections (1) and (6).

### (1) MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT

The term "neglect" encompasses negligence and carelessness. The Court has made it clear that attorney negligence or carelessness can constitute excusable neglect. See Pioneer Inv. Servs.

---

[2] In this motion the Plaintiffs' counsel signed with a different legal office address. No mention was made as to notiying the change of address to counsel of the other party and the Clerk Office.

AO 72A
(Rev.8/82)

Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). In evaluating whether neglect is excusable under Rule 60(b), courts generally consider all relevant circumstances, including: (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the neglect, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380; United We Stand Am., Inc. v. United We Stand Am. N.Y., 128 F.3d 86 (2nd Cir. 1997), American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2nd Cir. 1996), Davis v. Musler, 713 F.2d 907, 915 (2nd Cir. 1983).

Failure to comply with Court's orders and deadlines as established at the May 13th, 1999 status conference, without some understandable excuse for the tardiness, is not excusable. Inadvertent conduct is not automatically a mistake or excusable neglect sufficient to justify relief from judgment under Rule 60(b)(1). See 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 60.41 *et seq.* (3d ed. 1999). The Court sees no excusable reason for the noncompliance with the orders addressed at the Initial Scheduling Conference.

Plaintiffs claimed that the grounds of their motion to vacate dismissal is: "failure to receive notice of the dismissal orders." They alleged that "by a mistake of the Postman, said ORDERS [September 8th and 27nd of 1999] were returned to the Court and re-mailed to counsel on March 1, 2000." (Docket No. 29). The Court is unpersuaded because the statement is inaccurate.[3]

---

[3]  The Sworn Statement filed by the Plaintiffs' counsel reads, in its pertinent part, as follow: "2. For the months of September and first part of the month of October, 1999, I had my legal office established at Midtown Building, Office 309, Hato Rey...". (Docket No. 26). Also, in the Plaintiffs motion to vacate dismissal, (Docket No. 26), Plaintiffs' counsel included a new address for his offices which is different from the one on record, without giving any notice to both the Court and to counsel of the other party, overlooking local rules. The United States District Court for the District of Puerto Rico, Local Rule 113 states:

AO 72A
(Rev.8/82)

Plaintiffs' counsel was well aware of the orders decreed by the Court. He not only attended the conference, but also the minutes were notified to him. Plaintiffs' counsel simply utterly failed to comply. Moreover, not only did Plaintiffs fail to respond to the Court's orders issued at the May 13th, 1999 ISC, but the Plaintiffs also failed to comply with the September 8th, 1999 order notwithstanding the Court's notice of the impending consequence of noncompliance.

Plaintiffs' counsel therefore was duly notified of the Court's management order when he attended the ISC, when the Court notified the Minutes of the ISC, and when he further was mailed a letter by Plaintiffs themselves. The Court originally dismissed the complaint for failure of counsel to follow a reasonable management order issued by the Court. Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990); Damiani v. Rhode Island Hospital, 704 F.2d 12, 16 (1st Cir. 1983).

Notwithstanding, the Plaintiffs' counsel alleges that he never received copy of the order dated September 7, 1999. (Docket No. 26). The Court is again unpersuaded. Even though the Plaintiffs' counsel filed a Sworn Statement stating that he did not received copy of the aforementioned order, the output of the analysis made by the Clerk's Office computer system (ICMS) uncovers that said order was sent to both counsels of record on September 8th, 1999. (See Exhibit 1 to this decision, Clerk's Office Integrated Management System, ICMS). The Court has no evidence to support that said order [September 8, 1999] was "returned to sender", to the Court, by the Post Office. The evidence corroborated by the Court, indicates that the order of the Court dated September 7, 1999

---

IDENTIFICATION OF ATTORNEY
The name, address and telephone number shall be typed under the signature of all attorneys appearing on each document filed with the Court. **All changes in such matters shall be promptly notified to the Clerk's Office and to counsel for all other parties."**
(Emphasis ours).

(Docket No. 26) was mailed on September 8, 1999 in a separate mailing to the order dated September 27, 1999, and was not returned to the Court. (See Exhibit 1 to this decision). Thus, Plaintiffs' counsel did received order dated September 7, 1999 and did nothing.

It was not until March 1, 2000, almost nine months after Plaintiffs were supposed to comply with the orders of the status conference held on May 13, 1999, that Plaintiffs complied with the orders established during the status conference. Consequently, Plaintiffs requested to vacate dismissal under the grounds that they have never received the orders dated September 7th and 27th of 1999. (Docket No. 26). Plaintiffs further failed to comply with Local Rule 113 as to advising a change of address to the Court and the parties.

The noncompliance of Plaintiffs with the Court's order is not however caused by merely forgetting to notify a change of address. Plaintiffs' counsel was notified of the Court's order at the ISC held on May 13, 1999, confirmed to counsel by the Minutes subsequently notified. (Dockets Nos. 17 & 21). The ISC Minutes constituted a management order which Plaintiffs' counsel refused to comply and openly disregarded. The case at bar is distinguishable from the case of <u>Blois v. Friday</u>, 612 F.2d. 938 (5th Cir. 1980), where the problem was caused exclusively by counsel not having advised the Court and counsel of a change in address causing that counsel not be aware of a summary judgment motion and the subsequent granting of said unopposed motion by the Court.

As stated before, Plaintiffs' counsel was present at the ISC of May 13, 1999, and received a summary of the Minutes of the Proceedings of said conference on June 1, 1999. The Court further concludes that counsel received the September 8, 1999 order. Hence, counsel self created by his inaction the dismissal order and judgment issued on September 22, 1999. The order and judgment of September 22, 1999, notified on September 27, 1999 was returned by the Post Office and received by the Court on October 1, 1999. The record of the case reveals that on February 29, 2000, the order

of September 22, 1999 was re-mailed to Plaintiffs' counsel. The Clerk of the Court left photocopies on file of the returned documents: envelope and documents inside the envelope. Only the order of September 22, 1999 and the judgment were inside the envelope post-marked September 27, 1999. The order notified on September 8, 1999, in a separate prior mailing to the September 22, 1999 order, was not returned to the Court by the U.S. Post Office. Plaintiffs' counsel therefore failed to comply with the Court's management order and his conduct warrants dismissal. "What is more, litigants have an unflagging duty to comply with clearly communicated case-management orders, and this duty extends even to litigants who proceed pro se. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996)." Rosario Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). Further, in Barreto v. Citibank, N.A., 907 F.2d at 16, the Court stated that it is a ("[w]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."). Moreover, "[a] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders. FED. R. CIV. P. 16(f), 41(b); see Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)." Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996).

Moreover, the Supreme Court has clearly established that clients are responsible for acts and omissions of their attorneys. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). "Attorneys represent clients, and as a general rule an attorney's blunder binds her client. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92, 8 L.Ed.2d 734 (1962); *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992)." Rosario-Diaz v. Gonzalez, 140 F.3d at 315. "Petitioner voluntarily chose this attorney as his representative in the action and he

cannot now avoid the consequences of the acts and omissions of his freely selected agent." Link v. Wabash R. Co., 82 S.Ct. 1386.

A final word, in the March 24, 2000 motion, Plaintiffs assert that their counsel was **unaware** of the orders issued by the Court and the **terms** for their compliance until March 1, 2000. (Docket No. 26). Again, the Plaintiffs fail to mention that their counsel had actual notice of the management order issued by the Court since the status conference held on May 13, 1999, and that counsel received copy of both the proceedings of the ISC and of the order dated September 8th, 1999.[4] Also, Plaintiffs' counsel was aware of the Court's ISC management order since Plaintiffs themselves (the clients) requested counsel to act pursuant to the ISC mandates of the Court. (Dockets No. 19 & 20). Enough said.

### (6) ANY OTHER REASON THAT JUSTIFIES RELIEF FROM THE JUDGMENT

A court may grant relief from a judgment, even though the case does not fit into one of the other, more specific provisions under FED. R. CIV. P. 60(b), if there is "any other reason justifying relief from the operation of the judgment." Notwithstanding, subsection (6) "may not be used as a vehicle for circumventing clauses (1) through (5)." See Cotto v. U.S., 993 F.2d 274, 277 (1st Cir. 1993).

However, Rule 60(b)(6) may not be invoked, when the movant has also sought the protection of one of the first five subsections of Rule 60(b). See Simon v. Navon, 116 F.3d at 1, 5 (1st Cir. 1997). This Court will not fully discuss Rule 60(b)(6) because it appears that Plaintiffs' claim is based under Rule 60(b)(1); excusable neglect. See Id. Nevertheless, the Court is convinced that there is no other reason justifying relief from judgment.

---

[4]  Furthermore, the Court decreed in the status conference that "all deadlines stated herein are **fatal and final**." (Docket No. 17).

For the aforementioned reasons the Court finds no justification for failing to comply with Court's orders on a timely manner.

WHEREFORE, the Court holds that Plaintiffs' motion to vacate judgment under the grounds of "excusable neglect" of Rule 60(b)(1) is **DENIED**.

**IT IS SO ORDERED**.

Date: February /6 , 2001

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P \FinalOrders\98-2226

AO 72A
(Rev.8/82)

Exhibit 1

Page: 003

UNITED STATES DISTRICT COURT - DISTRICT OF PUERTO RICO
CIVIL NOTICE LOG REPORT
FULL REPORT FOR 09/08/99

QC COPY

| CASE | INST# | PAGES | DATE DOCKETED | BY | RECIPIENT | DESTINATION | ** | SENT ON / STATUS |
|---|---|---|---|---|---|---|---|---|
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Carlos Rodriguez-Quesada, Woo | Prt: hpnotice-427 | | 09/08 13:40 134s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Chad Messier, Dudley, Topper | Fax: 340-776-3860 | | 09/08 13:36 353s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Daryl Barnes, Bryant, Barnes | Prt: hpnotice-427 | | 09/08 13:21 139s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Diego Ramos-Cayon, Fiddler, G | Prt: hpnotice-427 | | 09/08 13:35 156s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Edward Borges, Borges Law Cen | Fax: 764-3101 | | 09/08 13:29 424s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | George Cannon, aty | Prt: hpnotice-427 | | 09/08 13:23 145s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Herbert Muriel, aty | Prt: hpnotice-427 | | 09/08 13:32 166s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Jesus Hernandez-Sanchez, aty | Prt: hpnotice-427 | | 09/08 13:26 201s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Jose Rocafort-Bustelo, aty | Prt: hpnotice-427 | | 09/08 13:38 148s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Jose Vivas, Vivas & Vivas | Prt: hpnotice-428 | | 09/08 13:43 159s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Louis Martinez, Martinez & Ri | Fax: 212-248-0990 | | 09/08 13:38 507s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Robert Millan, aty | Prt: hpnotice-427 | | 09/08 13:29 187s |
| 3:98-cv-02120 | 24 | 10 | 09/08/99 11:17 | ni | Roberto Roman-Valentin, aty | Fax: 740-8411 | | 09/08 14:34 379s |
| 3:98-cv-02226 | 21 | 1 | 09/08/99 11:40 | ct | | Prt: hpnotice-428 | | 09/08 13:56 8s |
| 3:98-cv-02226 | 21 | 1 | 09/08/99 11:40 | ct | | Prt: hpnotice-428 | | 09/08 13:55 22s |
| 3:98-cv-02346 | 31 | error | 09/08/99 11:26 | ni | Hal Waldman, aty | Prt: | | In Scan/QC Queue |
| 3:98-cv-02346 | 31 | | 09/08/99 11:26 | ni | James Toro, aty | Prt: | | In Scan/QC Queue |
| 3:98-cv-02346 | 31 | DNF. | 09/08/99 11:26 | ni | Jeffrey Williams-English, Ind | Fax: 766-3366 | | In Scan/QC Queue |
| 3:98-cv-02346 | 31 | | 09/08/99 11:26 | ni | Luis Ortiz-Segura, Pinto-Lugo | Prt: | | In Scan/QC Queue |
| 3:98-cv-02346 | 31 | | 09/08/99 11:26 | ni | Thomas Berret, aty | Prt: | | In Scan/QC Queue |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | Hal Waldman, aty | Prt: hpnotice-428 | | 09/08 13:49 37s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | James Toro, aty | Prt: hpnotice-428 | | 09/08 13:49 37s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:53 14s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:53 14s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | Jeffrey Williams-English, Ind | Prt: hpnotice-428 | | 09/08 13:48 45s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:48 45s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:53 20s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | Luis Ortiz-Segura, Pinto-Lugo | Prt: hpnotice-428 | | 09/08 13:53 20s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Fax: 766-3366 | | 09/08 13:47 190s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Fax: 766-3366 | | 09/08 13:52 176s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Fax: 766-3366 | | 09/08 13:47 190s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | Thomas Berret, aty | Fax: 766-3366 | | 09/08 13:52 176s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:47 39s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:47 39s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:53 21s |
| 3:98-cv-02346 | 32 | 2 | 09/08/99 11:29 | ni | | Prt: hpnotice-428 | | 09/08 13:53 21s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | Hal Waldman, aty | Prt: hpnotice-428 | | 09/08 13:47 36s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | James Toro, aty | Prt: hpnotice-428 | | 09/08 13:47 36s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | | Prt: hpnotice-428 | | 09/08 13:52 28s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | Jeffrey Williams-English, Ind | Prt: hpnotice-428 | | 09/08 13:52 28s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | Luis Ortiz-Segura, Pinto-Lugo | Prt: hpnotice-428 | | 09/08 13:55 11s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | | Fax: 766-3366 | | 09/08 13:55 8s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | Thomas Berret, aty | Prt: hpnotice-428 | | 09/08 13:49 131s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | | Prt: hpnotice-428 | | 09/08 13:55 12s |
| 3:98-cv-02346 | 33 | 1 | 09/08/99 11:38 | ni | | Prt: hpnotice-428 | | 09/08 13:54 25s |
| 3:99-cr-00030 | 21 | 1 | 09/08/99 08:50 | mr | Jose Ruiz-Santiago, U.S. Atto | Prt: hpnotice-427 | | 09/08 10:18 9s |
| 3:99-cr-00030 | 21 | 1 | 09/08/99 08:50 | mr | Juanita Trevino-Monserrate, a | Prt: hpnotice-427 | | 09/08 10:18 30s |
| 3:99-cr-00060 | 16 | 1 | 09/08/99 08:55 | mr | Joseph Laws, Federal Public D | Prt: hpnotice-427 | | 09/08 10:16 11s |
| 3:99-cr-00060 | 16 | 1 | 09/08/99 08:55 | mr | Maria Dominguez-Victoriano, U | Prt: hpnotice-427 | | 09/08 10:16 15s |